**Laura A. JACKSON, Petitioner,**

v.

**OFFICE OF PERSONNEL MANAGEMENT, Respondent.**

**No. 01–3064.**

United States Court of Appeals, Federal Circuit.

June 6, 2001.

Before BRYSON, GAJARSA, and LINN, Circuit Judges.

## DECISION

### PER CURIAM.

Laura A. Jackson petitions for review of a final decision of the Merit Systems Protection Board, Docket No. SF–831E–99–0600–I–1, 87 M.S.P.R. 530, in which the Board affirmed the decision of the Office of Personnel management (OPM) denying Ms. Jackson's application for disability retirement. We *affirm.*

## BACKGROUND

Ms. Jackson served as a federal employee for approximately 19 years, most recently as a human resources management specialist with the Department of Veterans Affairs (DVA) Medical Center in Reno, Nevada. On October 3, 1997, Ms. Jackson submitted a formal Request for Personnel Action indicating her intention to resign effective October 11, 1997, in order to "resolve health issues." Her request was approved and became effective on October 11, 1997.

On October 26, 1997, Ms. Jackson, apparently regretting her decision, appealed to the Board from the DVA's acceptance of her resignation and the DVA's rejection of her request for reinstatement. She argued that her resignation was involuntary and that she had been the victim of discrimination. The Board dismissed her appeal,

finding that she had failed to show that her resignation was involuntary and that she had not raised a non-frivolous allegation of discrimination. *Jackson v. Dep't of Veterans Affairs*, No. SF–0752–98–0070–I–2 (M.S.P.B. July 9, 1998) (initial decision). She then appealed the Board's decision to this court. While the appeal was pending, she sought to withdraw her appeal, and this court accordingly dismissed the appeal on September 22, 1999. On November 13, 2000, Ms. Jackson sought to reinstate her appeal to this court. The court denied that motion on February 7, 2001.

While the appeal proceedings were pending, Ms. Jackson applied for disability retirement on October 4, 1998. On January 11, 1999, OPM denied her application, finding that she was not disabled within the meaning of the law and that she was therefore ineligible for disability retirement. Ms. Jackson appealed that decision to the Board. On February 17, 2000, the administrative judge assigned to the case affirmed OPM's decision. The administrative judge found that Ms. Jackson had "provided no evidence that any medical condition rendered her federal service as less than fully successful before she resigned in October 1997," that "it is undisputed that the appellant voluntarily resigned from her position," and that "the medical evidence of record does not support a finding of a disabling medical condition." Ms. Jackson sought review by the full Board, which denied her petition and also denied her request to reopen her previous involuntary resignation appeal. This appeal followed.

## DISCUSSION

Ms. Jackson argues that notwithstanding the findings of OPM and the Board, the documents that she submitted to OPM contained sufficient evidence to establish her entitlement to disability retirement.

This court, however, may not review the Board's factual determinations as to whether Ms. Jackson was disabled within the meaning of the disability retirement law. *See Lindahl v. Office of Pers. Mgmt.*, 470 U.S. 768, 791, 105 S.Ct. 1620, 84 L.Ed.2d 674 (1985); *Anthony v. Office of Pers. Mgmt.*, 58 F.3d 620, 626 (Fed.Cir. 1995). Instead, our power of review is limited to determining whether "there has been a substantial departure from important procedural rights, a misconstruction of the governing legislation, or some error going to the heart of the administrative process." *Lindahl*, 470 U.S. at 791 (internal quotation omitted). Ms. Jackson has not alleged such errors, nor do we ascertain any based on our review of the record.

We accept, as we must, the findings of the Board that Ms. Jackson has failed to establish the existence of a disabling medical condition. Absent such a condition, an employee is not entitled to receive disability retirement. *See* 5 U.S.C. § 8337(a).

Ms. Jackson also raises a variety of legal contentions with regard to her claims of involuntary resignation and discrimination, including purported violations of the Family Medical Leave Act, the Americans with Disabilities Act, the Rehabilitation Act, and Title VII of the Civil Rights Act of 1964. Her discrimination and involuntary resignation claims, however, are not properly before this court. Her appeal on the involuntary resignation and discrimination issues was dismissed by the Board in July 1998 and ended with this court's dismissal of her appeal from an adverse decision by the Board in September 1999, and the court's denial of her motion to reinstate her appeal in February 2000. The only issue on the merits that is before us in the current appeal is the correctness of the Board's ruling on her entitlement to disability retirement, and we have sustained the Board's decision in that regard. In

the decision that is before us, the Board declined to reopen the previous appeal in which Ms. Jackson had raised her involuntary resignation and discrimination claims. Ms. Jackson has offered no reason to conclude that the Board committed legal error in refusing to reopen that appeal, and we therefore uphold the Board's decision in that regard as well.