**Laura A. JACKSON, Petitioner,**

v.

**DEPARTMENT OF VETERANS AFFAIRS, Respondent.**

No. 04–3078.

United States Court of Appeals, Federal Circuit.

DECIDED: April 12, 2004.

Rehearing Denied June 18, 2004.

298

Kelly B. Weiss, Principal Attorney, Mark A. Melnick, David M. Cohen, Nancy Kim, of Counsel, Department of Justice, Washington, DC, for Respondent.

Laura A. Jackson, of Counsel, Reno, NV, pro se.

Before NEWMAN, RADER, and LINN, Circuit Judges.

PER CURIAM.

Laura A. Jackson ("Jackson") appeals from a final decision of the Merit Systems Protection Board ("Board"), dismissing her whistleblower claim and her request to reopen and modify all of her prior appeals filed with the Board. *Jackson v. Dep't of Veterans Affairs,* No. SF–1221–02–0131–W–1 (M.S.P.B. Apr. 1, 2002). Because the Board's decisions on the issues underlying the dismissal were supported by substantial evidence and were not arbitrary or capricious, an abuse of discretion, procedurally deficient, or otherwise not in accordance with law, we *affirm.*

BACKGROUND

Jackson has previously filed four appeals before the Board and this court stemming from her 1997 resignation from the Department of Veterans Affairs ("Department") and based on claims she filed, *inter alia,* for involuntary resignation, job restoration, and disability retirement. Before the Board in the case now before us, Jackson sought to reopen and modify all of her previous appeals based upon purportedly new evidence and sought relief on a new whistleblower claim.

Because the members of the Board could not agree on the disposition of the appeal, the initial decision of the Administrative Law Judge became the final decision of the Board. In that decision, the Board found that the doctrine of res judicata applied to Jackson's appeal, barring Jackson from relitigating her claims or any claims that could have been raised in a prior proceeding. On that basis, the Board dismissed Jackson's appeal. Jackson then appealed to this court.

We have jurisdiction from an appeal of a final decision of the Board pursuant to 28 U.S.C. § 1295(a)(9).

ANALYSIS

Our scope of review in an appeal from a decision of the Board is limited. Specifically, we must affirm the Board's decision unless we find it to be arbitrary, capri-

cious, an abuse of discretion, or otherwise not in accordance with law; obtained without procedures required by law, rule, or regulation having been followed; or unsupported by substantial evidence. 5 U.S.C. § 7703(c); *Abell v. Dep't of the Navy*, 343 F.3d 1378, 1382–83 (Fed.Cir.2003).

Jackson seeks to reopen and modify all of her previous appeals based upon purported new evidence and further brings what she characterizes as a whistleblower claim. The Board found no merit in Jackson's attempt to revisit previously considered issues, and disposed of the appeal in the following terms:

In this case, although appellant has attempted to recharacterize her appeal as a new action, it is apparent that appellant's appeal is nothing more than a patent attempt to reopen and relitigate previously filed appeals. *See, e.g., Fredeluces v. Office of Personnel Management*, 75 M.S.P.R. 488, 493 (1997). It is a matter of public record in this case that in 1998 appellant filed an appeal concerning an alleged constructive removal. In an initial decision issued July 9, 1998 (MSPB Docket No. SF–0752–98–0070–I–2), a finding was made that appellant failed to establish that her resignation was involuntary; the decision also found that appellant had failed to prove any discrimination or retaliation. The Board's final decision in this case was appealed to the Court of Appeals for the Federal Circuit. Appellant's appeal of that decision was ultimately dismissed by the Court in an order issued February 7, 2001. Appellant also filed a disability retirement appeal with the Board and the Office of Personnel Management's decision finding that appellant was ineligible for a disability retirement was affirmed by the Board in an initial decision issued July 30, 2001 (MSPB Docket No. SF–831E–99–0600–I–1). On appeal, the Court of Appeals for the Federal Circuit affirmed the Board's decision in an order issued July 30, 2001. Finally, appellant also filed a restoration to duty appeal and an initial decision on that matter, dismissing the appeal, was issued on April 23, 2001 (MSPB Docket No. SF0353–01–0167–I–1). The Board issued a final decision affirming the dismissal on March 1, 2002.

Although appellant has submitted voluminous, and somewhat redundant, submissions on appeal, it is clearly apparent that appellant is merely reiterating claims previously filed. Indeed, as previously noted, appellant titled her appeal as a request to "reopen and modify all MSPB appeals." *See* Initial Appeal File, at 1 (Appellant's appeal petition). I find that the doctrine of res judicata applies to this appeal and appellant may not relitigate her claims here or any other claims which could have been raised in the prior proceedings. The Board's decisions in appellant's prior cases are final and appellant may not relitigate her claims here. *See Tyler v. United States Postal Service*, 90 M.S.P.R. 545, 548 (2002).

*Jackson v. Dep't of Veterans Affairs*, No. SF–1221–02–0131–W–1, slip op. at 2–3 (M.S.P.B. Apr. 1, 2002).

### A. *Involuntary Resignation and Job Restoration Claims*

■ "Under [the doctrine of] res judicata, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Allen v. McCurry*, 449 U.S. 90, 94, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980). Because Jackson's prior involuntary resignation and job restoration claims were not adjudicated on the merits, but were dismissed in the prior appeals for lack of jurisdiction, those dismissals may not constitute a basis

for precluding all claims that could have been raised in those appeals under res judicata. *See* Fed.R.Civ.P. 41(b) (an involuntary dismissal for lack of jurisdiction is not an "adjudication on the merits"). However, the error is harmless because Jackson cannot attempt once again to revisit the jurisdiction issue simply by urging the same arguments, merely reworded. The Board previously dismissed Jackson's involuntary resignation and job restoration claims for lack of jurisdiction based on Jackson's failure to show that her retirement was involuntary or that she suffered a compensable injury. *Jackson v. Dep't of Veterans Affairs,* No. SF–0752–98–0070–I–2, slip op. at 5–6 (M.S.P.B. July 9, 1998) (involuntary resignation claim); *Jackson v. Dep't of Veterans Affairs,* No. SF–0353–01–0167–I–1, slip op. at 2–3 (M.S.P.B. Apr. 23, 2001) (job restoration claim). These determinations are entitled to preclusive effect under the doctrine of collateral estoppel. "Under collateral estoppel, once a court has decided an issue of fact or law necessary to its judgment, that decision may preclude relitigation of the issue in a suit on a different cause of action involving a party to the first case." *Allen,* 449 U.S. at 94. Although the Board used the term "res judicata" in characterizing its dismissal of Jackson's involuntary resignation and job restoration claims, rather than employing the more precise term "collateral estoppel," the Board's dismissal was nonetheless made on the correct ground. The term "res judicata" is often generically used to encompass both issue preclusion (or collateral estoppel) and claim preclusion. *Migra v. Warren City Sch. Dist. Bd. of Educ.,* 465 U.S. 75, 77 n. 1, 104 S.Ct. 892, 79 L.Ed.2d 56 (1984) (noting that in its generic sense, "res judicata" is a broad term that encompasses both issue preclusion, sometimes referred to as collateral estoppel, and claim preclusion, sometimes referred to as res judicata). The Board properly applied the doctrine of issue preclusion, recognizing that this doctrine precludes Jackson's attempted relitigation of these claims ˙following the Board's prior decisions on the underlying issues.

### B. *Disability Retirement Claim*

■ As to Jackson's disability retirement claim, the Board correctly found that claim barred under the doctrine of res judicata. This court previously affirmed on the merits the Board's affirmance of the Office of Personnel Management's finding that Jackson was not entitled to disability retirement, because she failed to demonstrate a disabling medical condition. *Jackson v. Office of Pers. Mgmt.,* 10 Fed.Appx. 953 (Fed.Cir.2001) (not published) (affirming *Jackson v. Office of Pers. Mgmt.,* No. SF–831E–99–0600–I–1 (M.S.P.B. Feb. 17, 2000)). Because the doctrine of res judicata provides that a final judgment on the merits of an action precludes the parties from relitigating issues that were or could have been raised in that action, Jackson is precluded from relitigating her disability retirement claim following the decision of this court on the merits denying her disability retirement claim.

### C. *Whistleblower Claim*

■ Jackson's whistleblower claim is also precluded under the doctrine of collateral estoppel, or issue preclusion. "This court has held that the Board has jurisdiction over an IRA appeal if the appellant has exhausted his administrative remedies before the OSC and makes 'non-frivolous allegations' that (1) he engaged in whistleblowing activity by making a protected disclosure under 5 U.S.C. § 2302(b)(8), and (2) the disclosure was a contributing factor in the agency's decision to take or fail to take a personnel action as defined by 5 U.S.C. § 2302(a)." *Yunus v. Dep't of Veterans Affairs,* 242 F.3d 1367, 1372 (Fed.

Cir.2001). Jackson's voluntary resignation and the Department's denial of job restoration are not "personnel actions" within the meaning of 5 U.S.C. § 2302(a)(2). A resignation is not a personnel action unless it is involuntary. *Middleton v. Dep't of Defense*, 185 F.3d 1374, 1379 (Fed.Cir. 1999). Here, the Board already determined that Jackson's resignation was voluntary. *Jackson v. Dep't of Veterans Affairs*, No. SF–0752–98–0070–I–2, slip op. at 5–6 (M.S.P.B. July 9, 1998). Collateral estoppel precludes Jackson from relitigating the determination that her resignation was voluntary. Under certain circumstances, a restoration can be the basis for a personnel action. To establish a right to restoration, Jackson must prove that she suffered a compensable injury under 5 C.F.R. § 353.301(a). Again, the Board has already determined that Jackson did not suffer a compensable injury and thus was not entitled to restoration. *Jackson v. Dep't of Veterans Affairs*, No. SF–0353–01–0167–I–1, slip op. at 2–3 (M.S.P.B. Apr. 23, 2001) Collateral estoppel precludes Jackson from arguing otherwise.

The Board correctly dismissed Jackson's whistleblower claim. The Board's imprecise use of the expression "res judicata" rather than the more precise terms "collateral estoppel" or "issue preclusion" is harmless error. The Board, having decided the underlying issues, was not required to relitigate the same issues yet again.

## CONCLUSION

Jackson has now had ample opportunities to challenge all of the disputes surrounding her resignation and to raise various theories concerning the remedies she has sought from the United States Government. While the courts of the United States are open for individuals to make claims against their government, continued challenges concerning the same set of underlying facts eventually constitute an abuse of the judicial system. Such a point has now been reached. Jackson is therefore warned that further appeals involving claims based on the same set of facts, whether raising the same or new theories, may be held to be frivolous and subject to sanctions, see Federal Rule of Appellate Procedure 38.