# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| JOSE E. ROSARIO-FABREGAS,<br>        Appellant, | DOCKET NUMBER<br>NY-3443-16-0012-I-1 |
| v. | |
| DEPARTMENT OF THE ARMY,<br>        Agency. | DATE: July 1, 2016 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Jose E. Rosario-Fabregas, San Juan, Puerto Rico, pro se.

Elizabeth Mosely and Elizabeth Vavrica, Jacksonville, Florida, for
    the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

The appellant has filed a petition for review of the initial decision, which dismissed this appeal for lack of jurisdiction. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2      In this appeal, the appellant, a GS-12 Biologist with the agency's Corps of Engineers, challenged the agency's decision not to create a GS-13 biologist team leader position in its Puerto Rico regulatory field office. Initial Appeal File (IAF), Tab 1 at 4. He argued that the agency's decision to implement such a position in its Florida field offices, but not in its Puerto Rico field office, was a prohibited personnel practice that discriminated against him and other Hispanic employees by disparate impact. *Id.* at 4-5. He asserted that he filed a complaint with the Office of Special Counsel (OSC) and that OSC notified him of its intent to dismiss the complaint, arguing that OSC's failure to act within 120 days provided his right to file this appeal. *Id.* at 4. He did not request a hearing. *Id.* at 2.

¶3      The administrative judge issued an acknowledgment order in which she notified the appellant of his burden to establish jurisdiction over the appeal. IAF, Tab 2. The agency responded, arguing that the Board may not adjudicate the appellant's untimely discrimination claims in the absence of an otherwise appealable action. IAF, Tab 8 at 8-9. The agency further argued that the

appellant already had made a binding election to pursue his discrimination claim through the formal equal employment opportunity (EEO) complaint process. *Id.* at 9. The agency also contended that because the appellant brought his OSC complaint under 5 U.S.C. § 2302(b)(12), instead of under section 2302(b)(8) or (b)(9), and failed to assert a whistleblower retaliation claim, i.e., that he made a protected disclosure that was a contributing factor in the agency's decision to take or fail to take a personnel action, the Board lacked jurisdiction over the action as an individual right of action (IRA) appeal. *Id.* at 11-12. The appellant replied in opposition to the agency's response, and the agency filed a motion to dismiss the appeal for lack of jurisdiction. IAF, Tabs 10-11.

¶4 The administrative judge held a telephone conference in which she explained to the appellant that the record did not reflect that the agency subjected him to an appealable adverse action, and that neither his discrimination nor his prohibited personnel practice claims provided an independent source of Board jurisdiction over his appeal. IAF, Tab 12. The appellant clarified that he was not claiming whistleblower status and that he was not attempting to file an IRA appeal. *Id.* The administrative judge set a date for the record to close on the jurisdictional issues and the parties each responded. IAF, Tabs 12-19. In his response, the appellant contended that the agency failed to implement the team leader positions in Puerto Rico in retaliation for an administrative grievance he filed in 2004-05. IAF, Tab 15 at 14-16.

¶5 The administrative judge dismissed the appeal for lack of jurisdiction finding that, in the absence of an otherwise appealable action, the Board lacked jurisdiction over the appellant's discrimination and prohibited personnel practice claims. IAF, Tab 20, Initial Decision (ID) at 3. She further found that the Board lacked jurisdiction over the appellant's allegation that the agency violated 5 U.S.C. § 5107 concerning the classification of positions and that he failed to plead facts sufficient to invoke the Board's employment practices jurisdiction under 5 C.F.R. § 300.104(a). ID at 3-4. Regarding the appellant's allegations of

reprisal, the administrative judge noted the appellant's acknowledgment at the prehearing conference that he did not raise the issue of whistleblowing reprisal in his OSC complaint. Therefore, the administrative judge found that the appellant failed to exhaust his administrative remedies before OSC, precluding Board jurisdiction over his whistleblowing claim even if he had established that he made a protected disclosure. ID at 4-5.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶6 In his timely filed petition for review, the appellant reiterates his argument that the agency denied him due process and committed prohibited personnel practices by implementing certain GS-13 positions in Florida, but not in Puerto Rico. Petition for Review (PFR) File, Tab 1 at 4-5, 9-11. He also argues that the administrative judge denied him discovery. *Id.* at 9. He further argues that the administrative judge failed to give him notice of the jurisdictional elements and burdens and that the agency's responses likewise failed to apprise him of what he must show to establish jurisdiction over his employment practice and whistleblowing claims. *Id.* at 5-8, 12-13. Regarding his purported whistleblowing claim, the appellant argues on review that the administrative judge should have interpreted his appeal as challenging a prohibited "personnel practice that granted preference or advantage not authorized by law, rule, or regulation to any employee or applicant for employment (including defining the scope or manner of competition or the requirement for any position) for the purpose of improving or injuring the prospects of any particular person for employment" under 5 U.S.C. § 2302(b)(6). PFR File, Tab 1 at 6-7 (emphasis in original).

¶7 Nevertheless, the appellant concedes that he failed to include any allegations of reprisal in the OSC complaint at issue here, essentially arguing that it would have been futile because OSC just would have dismissed it as it had in his IRA appeal, *Rosario-Fabregas v. Department of the Army*, MSPB Docket

No. NY-1221-11-0253-B-1, which is currently pending before the Board's field office. PFR File, Tab 1 at 15. He asserts that it should therefore be deemed "in the interest of justice" that he established that he exhausted his whistleblower reprisal claim at OSC. *Id.* The agency responds in opposition and the appellant filed a reply to the agency's response. PFR File, Tabs 3-4.

¶8 We agree with the administrative judge that, because the appellant failed to identify an otherwise appealable action, the Board lacks jurisdiction over his discrimination and prohibited personnel practice claims. ID at 3; *e.g.*, *Wren v. Department of the Army*, 2 M.S.P.R. 1, 2 (1980) (explaining that prohibited personnel practices under 5 U.S.C. § 2302(b) are not an independent source of Board jurisdiction), *aff'd*, 681 F.2d 867, 871-73 (D.C. Cir. 1982).[2] The administrative judge also correctly found that the Board lacks jurisdiction over the appellant's allegations regarding the classification of his position under 5 U.S.C. § 5107 and that the appellant failed to plead facts sufficient to invoke the Board's jurisdiction over his employment practices claim under 5 C.F.R. § 300.104(a). ID at 3-4.

¶9 As noted above, the appellant alleges on review that the administrative judge and the agency's responsive pleadings failed to give him notice of the elements and burdens of establishing his employment practices and whistleblowing claims. PFR File, Tab 1 at 5-8. Regarding the appellant's employment practices claim, he is correct that neither the administrative judge's orders, nor the agency's submissions, put him on notice of the burdens and elements of establishing jurisdiction over such a claim. The initial decision, however, set forth the requirements for establishing jurisdiction over an employment practices claim, ID at 3-4, and therefore the appellant has received

---

[2] In OSC's preliminary closing letter, it identified the appellant's allegations as possible violations of 5 U.S.C. § 2302(b)(1) and (12). IAF, Tab 3 at 12. On review, as noted above, the appellant also alleges violations of 5 U.S.C. § 2302(b)(2) and (6). PFR File, Tab 1 at 6-7. Nevertheless, none of those three statutory provisions provide an independent source of Board jurisdiction. *E.g.*, *Wren*, 2 M.S.P.R. at 2.

an opportunity to meet his burden in his petition for review, *e.g.*, *Orr v. Department of the Treasury*, 83 M.S.P.R. 117, ¶ 7 (1999).

¶10     As for the appellant's whistleblowing claims, as noted above, he explicitly eschewed whistleblower status, IAF, Tab 10 at 7, and confirmed, according to the administrative judge's prehearing conference summary, that this action was not an IRA appeal, IAF, Tab 12 at 2.  In any event, the appellant subsequently identified the relevant jurisdictional standard in one of his pleadings below and, as noted above, he explicitly concedes on review that he did not raise this issue with OSC.  IAF, Tab 15 at 15 n.9; PFR File, Tab 1 at 15.  Additionally, the appellant received notice of the elements and burdens of establishing jurisdiction over an IRA appeal in the agency's motion to dismiss.  IAF, Tab 11 at 8; *see e.g.*, *Jackson v. Department of Veterans Affairs*, 95 M.S.P.R. 152, ¶ 14 (2003) (finding that the agency's motion to dismiss put the appellant on notice of what she must allege to establish jurisdiction over an IRA appeal), *aff'd*, 97 F. App'x 297 (Fed. Cir. 2004).

¶11     Moreover, the appellant's allegations in this regard do not provide a basis for Board jurisdiction over the appeal.  The appellant asserted below that the agency retaliated against him for filing an administrative grievance sometime in 2004-05 following the agency's failure to select him for a section chief position.  IAF, Tab 15 at 15.  Even if we were to assume that the appellant, by these claims, made a nonfrivolous allegation that he engaged in activity that would now be considered protected under 5 U.S.C. § 2302(b)(9)(A)(i), he cannot bring an IRA appeal on that basis concerning events that occurred before the effective date of the Whistleblower Protection Enhancement Act (WPEA).  *Miller v. Federal Deposit Insurance Corporation*, 122 M.S.P.R. 3, ¶¶ 13-15 (2014) (holding that the portion of the WPEA extending the Board's jurisdiction to allegations of violations of 5 U.S.C. § 2302(b)(9) is not retroactive), *aff'd*, 626 F. App'x 261 (Fed. Cir. 2015).  The events in this appeal occurred well before the December 27, 2012 effective date of the WPEA.  Thus, we need not consider

whether the appellant has made out such a claim because the applicable WPEA amendments do not apply retroactively.  *See id.*; *see also Hooker v. Department of Veterans Affairs*, 120 M.S.P.R. 629, ¶¶ 11-15 (2014).

¶12       Finally, we address the appellant's assertion that the administrative judge denied him discovery.  PFR File, Tab 1 at 9.  The Board will not reverse an administrative judge's rulings on discovery matters absent an abuse of discretion.  *E.g.*, *Wagner v. Environmental Protection Agency*, 54 M.S.P.R. 447, 452 (1992), *aff'd*, 996 F.2d 1236 (Fed. Cir. 1993) (Table).   The appellant filed a pleading below titled as his opposition to the agency's response and discovery, IAF, Tab 10, but he did not file a motion to compel discovery in accordance with the Board's regulations, 5 C.F.R. §§ 1201.71-.85, which the administrative judge set forth in the acknowledgment order, IAF, Tab 2 at 3.  Nevertheless, even if we liberally interpret the relevancy of the appellant's discovery requests, given his allegations in this action, nothing that he sought in discovery would have provided information reasonably calculated to lead to the discovery of admissible evidence.  *See, e.g.*, *Lee v. Environmental Protection Agency*, 115 M.S.P.R. 533, ¶¶ 9-10 (2010) (stating that the administrative judge did not abuse his discretion in denying a motion for depositions because they would not have provided information reasonably calculated to lead to admissible evidence).  For example, the appellant insists on review that "[t]he agency must explain why these GS-13 positions and announcements were excluded from Puerto Rico, proving it was for business necessity."  PFR File, Tab 1 at 10.  However, even if what the appellant alleges is true, the record reflects that he has failed to identify any appealable action in which such information either would be relevant or reasonably calculated to lead to admissible evidence in a Board appeal because the violations of 5 U.S.C. § 2302(b)(1), (2), (6), and (12) that he alleged in his appeal are not independent sources of Board jurisdiction.  *E.g.*, *Wren*, 2 M.S.P.R. at 2.  Thus, the appellant has failed to show that the administrative judge abused her discretion regarding discovery.

**NOTICE TO THE APPELLANT REGARDING
YOUR FURTHER REVIEW RIGHTS**

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right.  It is found in title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The

Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                _____
                                          Jennifer Everling
                                          Acting Clerk of the Board

Washington, D.C.